*In re* FRANK PALMETER, *Petitioner.*

**No. 10941.**

1. IMPRISONMENT FOR CONTEMPT—*power to impose, must be clearly conferred.* The power of a police judge to imprison for contempt cannot rest on mere implication or inference, but must be clearly expressed in the statute.

2. ——— *by police judge cannot be authorized by city ordinance under general-welfare clause of charter.* The general-welfare clause, which authorizes a city council to enact such ordinances as may be deemed expedient for maintaining the peace, good government and welfare of the city and its trade and commerce, does not authorize the city council to confer power upon the police judge to adjudge a person guilty of contempt and to imprison him therefor.

Original proceeding in *habeas corpus.* Opinion filed December 11, 1897. *Writ allowed.*

*J. P. McLaughlin* and *H. B. Hughbanks,* for petitioner.

*C. S. Martin,* for respondent.

JOHNSTON, J. Frank Palmeter was imprisoned under an order of the police judge of Osage City, and in this proceeding he seeks release, alleging that the order is invalid and his imprisonment illegal.

There is an ordinance in Osage City, a city of the second class, prohibiting the sale of intoxicating liquors. Another ordinance, in relation to the enforcement of said ordinance, contains a provision that, if the

city attorney has good reason to believe that any ordinance of the city has been violated, and he is unable to procure any person to make complaint for the violation, he may apply to the police judge to issue a subpœna to any person whom the city attorney may have reason to believe has knowledge or information of such violations, to appear before the police judge and answer such questions as may be asked by the city attorney concerning the violation of the ordinance. The city attorney applied to the police judge, stating that he had reason to believe that there had been unlawful sales of intoxicating liquors within the city, and that he had been unable to procure any person to make complaint for such violations, and requesting the police judge to issue subpœnas for Frank Palmeter and others to appear and answer under oath all questions put to them by the city attorney concerning the violations of an ordinance. Frank Palmeter failing to appear, he was arrested and brought before the police judge; but he refused to be sworn or to give any evidence; whereupon the police judge found and adjudged Palmeter to be guilty of contempt, and committed him to the city prison. There is a provision in the ordinance making the disobedience of such a subpœna and a refusal to be sworn a contempt, and authorizing the police judge to adjudge punishment for the same by imposing a fine not exceeding twenty-five dollars or by imprisonment in the city prison. The legality of the imprisonment depends upon the validity of the city ordinance which undertakes to confer on the person acting as police judge the power to punish for contempt. The police judge was not acting in the capacity of a court, nor was the subpœna issued in a prosecution instituted in the police court. No prosecution had been begun. The purpose of the inquiry before the police

judge was to assist the city attorney in obtaining information upon which to base a proposed prosecution, or to enable him to determine whether a prosecution would be justified. The statute confers power on the police judge to punish for contempt offered to him while holding court, or to process issued by him. Gen. Stat. 1889, ¶ 856. In the same connection, the statute provides when and how prosecutions shall be instituted in the police court, and also for the process to be issued in such cases; but, as we have seen, no prosecution had been begun, nor had any process such as is provided for in the statute been issued. The authority for the inquiry undertaken by the police judge is not expressly conferred by the statute, and there is no authority to imprison the petitioner for contempt unless the ordinance confers it.

The absence of express legislative authority for the passage of an ordinance conferring power to punish as for contempt, is conceded; but it is contended by the city attorney that implied authority can be found in the general-welfare clause, providing for the passage of such ordinances as may be deemed expedient for maintaining peace, good government, and the welfare of the city. Gen. Stat. 1889, ¶ 824. Can power of this character rest on mere implication or inference? To adjudicate a case of contempt and imprison therefor is generally held to be the highest exercise of judicial power. The Legislature can create courts inferior to the Supreme Court, and in certain cases can vest power of this character in judicial instrumentalities. Where the power to imprison for contempt rests upon statute, as in this case, it is generally held that it is not to be inferred but must be clearly expressed. There is certainly room to doubt whether the Legislature can delegate to a city council the power to create a tribunal and vest it with judicial power of

this character ; but however that may be, it is clear to us that no such power is delegated by the general-welfare clause above referred to.   Its terms are of the most general character ; and while it has been liberally construed as applied to ordinances enacted for the preservation of peace and good order, its meaning cannot be extended to cover a power for which there must be express legislative authority.   We conclude, therefore, that the city ordinance did not confer power on the police judge to punish the petitioner for contempt, and that the imprisonment is illegal.   The petitioner will be discharged.